1
2
3
4
5

UNITED STATES DISTRICT COURT

6

EASTERN DISTRICT OF WASHINGTON

7

EARL F. O'NEEL,                          )
                                         )       NO.      CV-11-0368-WFN
8                        Plaintiff,      )
                                         )
9            -vs-                        )       ORDER GRANTING PLAINTIFF'S
                                         )       MOTION FOR SUMMARY
10   CAROLYN W. COLVIN, Commissioner     )       JUDGMENT AND DENYING
     of Social Security,[1]              )       DEFENDANT'S MOTION FOR
11                                       )       SUMMARY JUDGMENT
                         Defendant.      )
12   _____ )

13        Before the Court are cross-Motions for Summary Judgment (ECF Nos. 13 and 18).

14   Attorney David Lybbert represents Plaintiff; Special Assistant United States Attorney

15   Summer Stinson represents Defendant.  The Court has reviewed the administrative record

16   and briefs filed by the parties and is fully informed.

17                                    **JURISDICTION**

18        Plaintiff protectively applied for disability and disability insurance benefits on

19   August 20, 2007, alleging disability beginning on October 23, 2007, due to back pain and

20   blindness in his left eye. The medical records suggest that Plaintiff is obese and has diabetes

21
22
     _____

23        [1]    Carolyn W. Colvin became the Acting Commissioner of Social Security on

24   February 14, 2013.  Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn

25   W. Colvin is substituted for Michael J. Astrue as the defendant in this suit. No further action

26   need be taken to continue this suit by reason of the last sentence of 42 U.S.C. § 405(g).

ORDER GRANTING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT - 1

1    which has resulted in other related conditions. The application was denied initially and on

2    reconsideration.

3            At a hearing before Administrative Law Judge [ALJ] Michael Hertzig on October 16,

4    2009, Plaintiff, represented by counsel, and a vocational expert testified.   The Appeals

5    Council denied Plaintiff's request for review making the ALJ's decision the final decision of

6    the Commissioner.  Pursuant to 42 U.S.C. § 405(g), this final decision is appealable to the

7    district court.  Plaintiff sought judicial review on December 14, 2011.

8                                             **FACTS**

9            The facts of the case are set forth in detail in the transcript of the proceedings and are

10   briefly summarized here.  At the time of the hearing, Plaintiff was 51 years old. (Tr. 33)  He

11   attended some elementary school and never obtained a GED.  *Id.*  He had a CDL.  *Id.*  He had

12   past work experience as a short haul truck driver and as a farm worker. (Tr. 33 - 34 & 41).

13   He testified that he injured his tail bone and back after falling at work. (Tr. 35)  He indicated

14   that he is diabetic, has numbness in his knee, limited strength in his left hand, and is

15   particularly sensitive to cold in his chest, shoulders and elbows. (Tr. 42 - 46).  He has bad

16   circulation in his feet, but has not been able to afford to see a doctor for most of his health

17   issues. (Tr. 47).

18                                 **ADMINISTRATIVE DECISION**

19           At step one of the sequential evaluation process, ALJ Hertzig found that Plaintiff

20   had not engaged in substantial gainful activity since June 30, 2007, the alleged onset date.

21   (Tr. 18)  At step two, he found that the Plaintiff had the following severe impairments:

22   degenerative disc disease of the lumbar spine and blindness in the left eye. (Tr. 18) Based on

23   these findings, the ALJ determined that Plaintiff does not have an impairment or combination

24   of impairments that meets or medically equals one of the listed impairments in 20 CFR

25   Part 404, Subpart P, Appendix 1.  (Tr. 19)  The ALJ found that Plaintiff has the residual

26   functional capacity to perform light work as defined in 20 CFR 404.1567(b) except with

ORDER GRANTING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT - 2

the additional limitation of a sit/stand option; only occasional climbing of ladders, ropes or scaffolds, stooping, kneeling, crouching and crawling; only occasional overhead reaching using the left upper extremity; only occasional handling and fingering with the right upper extremity; and avoid concentrated exposure to work-place hazzards, such as moving machinery or unprotected heights. (Tr. 19)  The ALJ recognized that Plaintiff had been diagnosed with a compression fracture and a bulging disc, but noted that Plaintiff had sought little in the way of medical treatment. (Tr. 19)  At step four, the ALJ determined that Plaintiff is unable to perform any past relevant work.  (Tr. 21)  The ALJ made note of Plaintiff's shift in categories from a younger individual to a person closely approaching advanced age. (Tr. 21)  He determined that Plaintiff has a marginal education and is able to communicate in English.  (Tr. 21)  Based on these two findings, the ALJ found that transferability of job skills is not material to determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled" regardless of the transferability of his skills. (Tr. 21)  Lastly,  the ALJ decided that jobs exist in significant numbers in the national economy that Plaintiff can perform. (TR. 22)

## STANDARD OF REVIEW

In *Edlund v. Massanari,* 253 F.3d 1152, 1156 (9th Cir. 2001), the court set out the standard of review:

> A district court's order upholding the Commissioner's denial of benefits is reviewed *de novo. Harman v. Apfel*, 211 F.3d 1172, 1174 (9th Cir. 2000). The decision of the Commissioner may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).  Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id.* at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.* 169 F.3d 595, 599 (9th Cir. 1999).

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, although deference is owed to a reasonable construction of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000).

It is the role of the trier of fact, not this court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett,* 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988). If substantial evidence exists to support the administrative findings, or if conflicting evidence exists that will support a finding of either disability or non-disability, the Commissioner's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

## SEQUENTIAL PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *see Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett*, 180 F.3d at 1098-99. This burden is met once a claimant establishes that a physical or mental impairment prevents him from engaging in his previous occupation. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If a claimant cannot do his past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show that (1) the claimant can make an adjustment to other work; and (2) specific jobs exist in the national economy which claimant can perform. *Batson v. Commissioner of Social Sec. Admin.,* 359 F.3d 1190, 1193-94 (2004). If a claimant cannot make an adjustment to other work in the

1  national economy, a finding of "disabled" is made.   20 C.F.R. §§ 404.1520(a)(4)(I-v),
2  416.920(a)(4)(I-v).

### ISSUES

4      Plaintiff alleges the following errors: (1) The ALJ failed to properly develop the
5  record when he failed to order any testing of Plaintiff's literacy and therefore improperly
6  applied GRID when Plaintiff turned 50 due to his alleged illiteracy; (2) the ALJ improperly
7  weighed medical opinions; (3) The ALJ failed to consider all of Plaintiff's severe impair-
8  ments; and (4) the ALJ failed to obtain a vocational opinion based on the functional
9  limitations determined.

### DISCUSSION

11      Plaintiff produced uncontradicted objective medical evidence of gross obesity
12  and symptoms of polyuria and polyphagia.   The medical evidence also suggests Plaintiff
13  suffers from uncontrolled diabetes.   The ALJ limited his review of the (admittedly
14  sparse) medical evidence to blindness in one eye and degenerative disc disease.   Without
15  explanation, he ignored medical evidence of Plaintiffs' other impairments. To ignore without
16  explanation uncontroverted medical evidence is error.   See *Smolen v. Chater*, 80 F.3d 1273
17  (9th Cir. 1995).   On remand, the ALJ shall consider whether Plaintiff's obesity and
18  polyuria/polyphagia are severe impairments and if necessary, make a new RFC assessment,
19  as well as new step four and step five analysis.   Since this error occurred at the second step,
20  the Court need not address Plaintiff's concerns regarding medical opinions and the vocational
21  opinion.

22      As for Plaintiff's complaint that the ALJ failed to develop the record on literacy, the
23  Plaintiff's uncontradicted testimony indicates his reading ability is limited.   Further, the
24  record is clear that Plaintiff's education is very limited.   Plaintiff indicated when taking his
25  CDL exam, he had others read the questions to him. (Tr. 33)   He stated his daughter helped
26  him complete the paperwork  required to make a disability claim. (Tr. 39).   When Plaintiff's

1  attorney queried him regarding reading Plaintiff indicated that while he did not read
2  recreationally, he did occasionally attempt to read the Bible but, "there's even words in the
3  Bible that I don't really know what the words are." (Tr. 48)  Without further comment, the
4  ALJ determined that Plaintiff "has marginal education."  Plaintiff's testimony suggests
5  limited to no literacy.  Upon remand, Plaintiff should be tested for literacy.

6        The Court expresses no opinion as to what the ultimate outcome will or should be.
7  The fact-finder is free to give whatever weight to the evidence is deemed appropriate.
8  *Sample v. Schweiker,* 694 F.2d 636, 642 (9th Cir. 1982).

9                                   **CONCLUSION**

10        Having reviewed the record and the ALJ's findings, the Court concludes the ALJ's
11 decision is not supported by substantial evidence and is based on legal error.  Accordingly,

12        **IT IS ORDERED** that:

13        1.  Plaintiff's Motion for Summary Judgment, filed April 13, 2013, **ECF No. 13**, is
14 **GRANTED**.  This matter is **REMANDED** to the Commissioner of Social Security for
15 further proceedings consistent with this decision.

16        2.  Defendant's Motion for Summary Judgment, filed July 9, 2013, **ECF No. 18**, is
17 **DENIED**.

18        The District Court Executive is directed to file this Order and provide copies to
19 counsel.  Judgment shall be entered for Plaintiff and the file shall be **CLOSED.**

20        **DATED** this 25th day of April, 2013.

21

22                              s/ Wm. Fremming Nielsen
                            ─────────────────────────────
23  04-24-13                  WM. FREMMING NIELSEN
                            SENIOR UNITED STATES DISTRICT JUDGE
24

25

26

ORDER GRANTING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT - 6